# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| KENNETH DOOLING | § | |
| | § | CIVIL ACTION NO. |
| | § | |
| v. | § | |
| | § | |
| DG DISTRIBUTION OF TEXAS, LLC | § | |
| AND MERIT LOGISTICS, LLC | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES KENNETH DOOLING, hereinafter referred to as Plaintiff, complaining of DG DISTRIBUTION OF TEXAS, LLC (hereinafter DG) and MERIT LOGISTICS, LLC (hereinafter MERIT), Defendants, and for cause of action would respectfully show unto the Court and jury the following, to-wit:

1. Plaintiff is a citizen of Longview, Gregg County, Texas.

2. Defendant, DG DISTRIBUTION OF TEXAS, LLC, is a Tennessee Limited Liability Company licensed to do business in the State of Texas, and may be served with process by serving its registered agent for the State of Texas, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Defendant, MERIT LOGISTICS, LLC, is a Delaware Limited Liability Company licensed to do business in the State of Texas, and may be served with process by serving its registered agent for the State of Texas, Incorp Services, Inc., 815 Brazos, Suite 500, Austin, Texas 78701-0000.

## JURISDICTION AND VENUE

4. The Court has proper jurisdiction over this case pursuant to 28 U.S.C. §1332 of the United States Code. Diversity of citizenship exists in connection with this case and the amount of controversy is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

5. Venue is proper in this case pursuant to 28 U.S.C. §1391(a)(2) in that all or a substantial amount of the occurrence in question took place in the Eastern District of Texas.

## STATUTE OF LIMITATIONS

6. Plaintiff alleges this lawsuit has been filed within the time period of the appropriate statute of limitations from the date of the occurrence. In the alternative, Plaintiff alleges the statute of limitations is tolled because this lawsuit has been filed within two (2) years of the date Plaintiff knew or should have known of the existence of a cause of action, or any delay is the result of direct threats or fraud on the part of the Defendants.

## FACTS OF THE CASE

7. Plaintiff would show that on or about February 26, 2020, Plaintiff was operating a forklift in the course and scope of his employment for DG in Longview, Gregg County, Texas, when a forklift operated by an employee of MERIT, which had been hired by DG to perform freight handling services, struck Plaintiff's forklift. Plaintiff would show that due to the accident, Plaintiff sustained severe and disabling injuries.

## CAUSE OF ACTION

8. Plaintiff alleges that Defendant, DG, through its acts and omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question. Plaintiff's resulting

injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, DG:

    a.    In failing to provide a safe place to work.

    b.    In allowing an unsafe condition to exist in the work place.

    c.    In failing to provide proper training to employees and any sub-contractor employees.

    d.    In failing to properly and safely manage employees and any sub-contractor employees.

    e.    In failing to properly train and supervise employees and sub-contractor employees on the safe operation of forklifts and/or other mechanical loading equipment used in the loading, unloading and/or moving of freight.

    f.    In failing to have a system in place to ensure the safe movement of forklifts and/or other loading mechanical equipment to prevent collisions and/or accidents.

    g.    In allowing unlicensed, unqualified, untrained and/or incompetent individuals to operate forklifts and/or other loading equipment on Defendant's premises; and

    h.    Defendant was negligent in other respects.

9.     Plaintiff further alleges that Defendant, MERIT, through its acts and omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, MERIT:

    a.    In hiring unlicensed, unqualified, untrained and incompetent employees to operate forklifts and/or other mechanical loading equipment.

    b.    In failing to properly train employees on the safe operation of forklifts and/or other mechanical loading equipment.

    c.    In falling to properly and safely manage employees while they operate forklifts and/or other mechanical loading equipment.

    d.    In allowing employees to operate forklifts and/or other mechanical loading equipment in an unsafe, reckless and/or dangerous manner.

    e.    In allowing employees to operate forklifts and/or other mechanical loading equipment when it was unsafe to do so under the circumstances.

    f.    In failing to implement and/or follow safe policies and procedures regarding the use of forklifts and/or other mechanical loading equipment.

    g.    In failing to warn Plaintiff and others similarly situated that your employee, agent and/or servant was operating a forklift in an unsafe and/or dangerous manner.

    h.    In failing to have safe policies and/or procedures which set forth safe operating procedures of a forklift and/or other mechanical loading equipment.

    i.    In failing to stop work from being done in an unsafe manner and/or allowing work to be done in an unsafe manner.

    j.    Defendant was negligent in other respects.

## **RESPONDEAT SUPERIOR**

10. Plaintiff further alleges that at all material times hereto Defendants' agents, servants and employees were acting within the course and scope of their employment and in the furtherance of the business interest of Defendants, DG and MERIT. In this regard, Plaintiff invokes the doctrine of *respondeat superior* and alleges that any and all negligent acts and/or omissions on the part of the agents, servants and employees of Defendants, DG and MERIT, are imputed to Defendants, DG and MERIT, and Defendants, DG and MERIT, are vicariously liable for all negligent acts and/or omissions alleged herein to have been perpetrated by said agents, servants and/or employees.

## **DAMAGES**

11. Plaintiff's damages include past, and probable future loss, which includes:

    (a)    pain and mental anguish;

  (b)  loss of earnings and earning capacity;

  (c)  physical impairment;

  (d)  disfigurement; and

  (e)  necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

12. Plaintiff alleges that the accident made the basis of this lawsuit, and Plaintiff's injuries and resulting damages were proximately caused as a result of the wrongful conduct and negligent conduct of the Defendants as alleged and set forth herein.

13. Plaintiff alleges that his damages exceed the minimum jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for issuance of service of citation upon Defendants for actual damages, costs of Court, prejudgment and post-judgment interest, punitive and/or exemplary damages, attorney's fees, and such other and further relief, general and special, legal and equitable to which Plaintiff may be justly entitled.

            Respectfully submitted,

            LUKE BICKHAM, P.C.
            Two Energy Square
            4849 Greenville Avenue
            Suite 1350
            Dallas, Texas 75206
            469-904-8170 Telephone
            903-705-6389 Facsimile
            luke@lukebickham.com

By: _____
            LUKE BICKHAM
            SBOT: 00787080
            *Attorney in Charge*

MCKAY LAW, PLLC
Lindsey McKay
SBOT: 24064154
430 Church Street
Sulphur Springs, Texas 75482
(903) 272-1414 Telephone
(214) 272-2162 Facsimile
lindsey@mckaylawtx.com

ATTORNEYS FOR PLAINTIFF